UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

VERNON HINES,

    Plaintiff,

-vs-                                        Case No.:

NAVIENT SOLUTIONS, INC., and
NAVIENT CORPORATION,

    Defendants.
_____/

## COMPLAINT

Plaintiff, VERNON HINES, by and through his undersigned counsel, sues the Defendants, NAVIENT SOLUTIONS, INC., and NAVIENT CORPORATION, and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA")

## INTRODUCTION

2. The TCPA was enacted to prevent companies from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they

force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.    According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6.    This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).  See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Lee County), the phone calls were received in this District, and the Defendants transacts business in Lee County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Lee County, Florida, and resides in this District.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant, NAVIENT SOLUTIONS, INC (hereinafter "Navient Solutions"), is a corporation with its principal place of business at 2001 Edmund Halley Dr., Reston, VA 20191-3436 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

15. Defendant NAVIENT CORPORATION (hereinafter "Navient Corp") is a corporation with its principal place of business in Delaware, wherein its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808. Defendant Navinet Corp transacts business in the State of Florida.

16. Defendant, Navient Corp, consented to and has knowledge and control of the activities of its agents and representatives, supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors including but not limited to Navient Solutions, in their actions related to the servicing and collection of the alleged account.

17. Upon information and belief, Navient Corp had knowledge of all actions taken by its agent and subsidiary Navient Solutions, and specifically instructed and/or conspired with Navient Solutions to take such actions as were ultimately taken in regards to Plaintiff.

18. Neither Navient Corp. nor Navient Solutions disclosed to Plaintiff the principal/agent or parent company/subsidiary relationship by and between them, but it was nonetheless eventually clear that Navient Solutions at all times material, acted as an agent on behalf of Navient Corp with respect to the activities described herein.

19. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

20. Approximatley fifteen years ago, Plaintiff co-signed on a student loan for his daughter.

21. Plaintiff's daughter made payments on the student loan (Account Number: xxxxxx7012) for a while but then ceased making payments.

22. Shortly after Plaintiff's daughter stopped making payments on the student loan, some time in late 2013, Defendants Navient Solutions and Navient Corp. began bombarding Plaintiff with debt collection calls.

23. Plaintiff made some small payments to Defendants in late 2013 until early 2014, when he ran out of money.

24. Plaintiff made his last payment to Defendants on approximately June 5, 2014.  Plaintiff told the Defendants, "I have sent you the last of my money.  Do not call me anymore."

25. Despite Plaintiff's request to Defendants to cease all telephone calls, and telling Defendants on numberous occasions since June 5, 2014 to stop calling, the telephone calls from Defendants continued.

26. Plaintiff was not able to keep track of every single call. However, during the time period of July 31, 2015 through September 30, 2015, Defendants called Plaintiff at least 80 times from phone numbers (317) 550-5602, (317) 550-5575, (317 )550-5596, (765) 637-0784, (765) 637-0795, and (302) 261-5502. Plaintiff estimates that he received at least 300 calls from Defendants since June 5, 2014.

27. Defendants knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to four (4) times a day from approximately June 5, 2014 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the consumer debt at issue.

28. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that there was a pause before a live person came on the line.

29. Each of the autodialer calls the Defendants made to Plaintiff's cellular telephone number after June 5, 2014 was done so after he had revoked consent and without the "prior expressed consent" of the Plaintiff.

30. Plaintiff is the regular user and carrier of the cellular telephone number, (239) ***- 0779, and was the called party and recipient of Defendants' autodialer calls.

31. The autodialer calls from Defendants came from the telephone numbers including but not limited to (317) 550-5602, (317) 550-5575, (317 )550-5596, (765) 637-0784, (765) 637-0795,

5

and (302) 261-5502. When these numbers are called, a pre-recorded voice or representative answers and says, "Thank you for calling Navient. This call may be monitored and/or recorded for quality purposes."

32. Defendants have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendants, to permit the cessation of the calls.

33. Despite actual knowledge of their wrongdoing, the Defendants continued the campaign of autodialer calls, well-beyond June 5, 2014, when Plaintiff advised Defendants to stop calling Plaintiff.

34. Defendants' corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendants to stop calling.

35. Defendants' corporate policies provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

36. Defendants have numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

37. Defendants have numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call people who have revoked consent to be called.

38. Defendants knowingly employed methods and/or have a corporate policy designed to harass and abuse individuals and have set up their autodialers in a manner which makes it virtually impossible for the autodialer calls to stop.

39. Defendants knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

40. Due to Defendants' constant autodialer calls and demands for payment, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
## NAVIENT SOLUTIONS, INC.
### (Violation of the TCPA)

41. Plaintiff incorporates Paragraphs one (1) through forty (40).

42. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

43. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

44. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, Inc. for statutory damages, punitive damages, actual damages, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
## NAVIENT SOLUTIONS, INC.
### (Violation of the FCCPA)

45. Plaintiff incorporates Paragraph one (1) through forty (40).

46. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

47. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

48. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

49. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
## NAVIENT CORPORATION
### (Violation of the TCPA)

50. Plaintiff incorporates Paragraphs one (1) through forty (40).

51. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

52. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

53. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Corporation for statutory damages, punitive damages, actual damages, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
## NAVIENT CORPORATION
### (Violation of the FCCPA)

54. Plaintiff incorporates Paragraphs one (1) through forty (40).

55. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

56. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

57. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

58.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Corporation for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@ForThePeople.com